

**U.S. Department of Justice**

*United States Attorney's Office*
*District of Delaware*

---

*Nemours Building*  
*1007 Orange Street, Suite 700*  
*P.O. Box 2046*  
*Wilmington, Delaware 19899-2046*

*(302) 573-6277*  
*FAX (302) 573-6220*

April 12, 2007

The Honorable Joseph J. Farnan, Jr.
United States District Court Judge
District of Delaware
844 King Street
Wilmington, DE 19801

    Re:    **United States v. Juan Francisco Flores-Barahona**
            **Criminal Action No.  06-142-JJF**

Dear Judge Farnan:

       The defendant has agreed to change his plea pursuant to the enclosed Memorandum of Plea Agreement. The parties respectfully request that the Court continue the conference set for Monday April 16, 2007, at 4:30pm and schedule a Change of Plea hearing with counsel. An original, executed Memorandum will be submitted at the Change of Plea hearing.

                                 Respectfully submitted,

                                   COLM F. CONNOLLY
                                 United States Attorney

                BY:   */s/ Ilana H. Eisenstein*
                       Ilana H. Eisenstein
                       Assistant United States Attorney

Enclosure

cc:    Eleni Kousoulis, Esquire
       Clerk, U.S. District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v.                          ) | Criminal Action No. 06-142-JJF |
| ) | |
| JUAN FRANCISCO FLORES-BARAHONA, ) | |
| ) | |
| Defendant     ) | |
| ) | |

## MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by and through its attorney, Ilana H. Eisenstein, Assistant United States Attorney for the District of Delaware, and the defendant, Juan Francisco Flores-Barahona, by and through his attorney, Eleni Kousoulis, Esquire, the following agreement is hereby entered into by the respective parties:

1. The defendant shall plead guilty in the United States District Court for the District of Delaware to Count One of the Indictment, which charges him with illegal re-entry after deportation, in violation of 8 U.S.C. § 1326(a).

2. The defendant understands that the Government will seek to establish at sentencing that, prior to his removal, he had been convicted of an aggravated felony, pursuant to 8 U.S.C. § 1326(b)(2), in which case, the maximum sentence for this offense would be a term of imprisonment of 20 years, a fine of $250,000, or both, three years of supervised release, and a $100 special assessment. Alternatively, the defendant understands that the Government will seek to establish that, prior to his removal, the defendant was convicted of three or more misdemeanors involving drugs, crimes against the person, or both, or a felony (other than an aggravated felony), pursuant to 8 U.S.C. § 1326(b)(1), in which

case the maximum sentence for this offense would be a term of imprisonment of 10 years, a fine of $250,000, or both, three years of supervised release, and a $100 special assessment.

3. The defendant reserves the right to challenge the applicability of 8 U.S.C. §§ 1326(b)(1) and (b)(2), to his sentence. The defendant understands that if he does not qualify for punishment under 8 U.S.C. §§ 1326(b)(1) or (b)(2), then he would be subject to a maximum sentence of a term of imprisonment of up to two years, a $250,000 fine, or both, up to one year of supervised release, and a $100 special assessment.

4. The defendant understands that if there were a trial, the Government would have to prove, with respect to Re-Entry After Deportation that: (1) the defendant is an alien; (2) on or about May 3, 2001, the defendant was deported and removed from the United States; (3) on or about November 21, 2006, the defendant was found in the United States; (4) the defendant was knowingly present in the United States; and (5) neither the Attorney General, nor the Undersecretary for Border and Transportation Security of the Department of Homeland Security had expressly consented to the defendant's re-application for admission.

5. Provided that the United States does not subsequently learn of conduct by the defendant inconsistent with acceptance of responsibility, the United States agrees that in consideration of the defendant's timely guilty plea, the Government will not oppose a two-point reduction in the Offense Level for the defendant's affirmative acceptance of responsibility. The Government will move for an additional one-point reduction, if the

defendant qualifies for such a decrease under United States Sentencing Guideline Section 3E1.1(b).

6. The defendant understands that the District Court must consider the United States Sentencing Guidelines and the factors set forth in 18 U.S.C. Section 3553(a) in determining an appropriate sentence. It is likely that the Government will recommend that the Court impose a sentence consistent with the sentencing range set forth by the sentencing guidelines. The defendant understands, however, that the ultimate determination of an appropriate sentence will be up to the sentencing judge. The Court may impose a sentence which is within, or which exceeds or falls below the sentencing range prescribed by the sentencing guidelines. The defendant expressly acknowledges that if the Court imposes a sentence outside the range set forth in the sentencing guidelines, or otherwise different than the defendant expected, or contrary to the recommendation of his attorney or the United States, the defendant will not be allowed to withdraw his guilty plea.

6. The defendant agrees to pay the $100 special assessment the day of sentencing. Should he fail to do so, the Defendant agrees to voluntarily enter the United States Bureau of Prisons' administered program known as the Inmate Financial Responsibility Program through which the Bureau of Prisons will collect a portion of defendant's prison salary and apply it on defendant's behalf to the payment of the outstanding debt ordered.

7. The United States Attorney reserves the right to defend any ruling of the District Court should there be an appeal from this case.

8.  It is further agreed by the undersigned parties that this Memorandum supersedes all prior promises, representations, and statements of the parties; that this Memorandum may be modified only in writing signed by all the parties; and, that any and all promises, representations, and statements made prior to or after this Memorandum are null and void and have no effect whatsoever.

COLM F. CONNOLLY
United States Attorney

_____        BY:    _____
Eleni Kousoulis                                               Ilana H. Eisenstein
Attorney for Defendant                                 Assistant United States Attorney


_____
Juan Francisco Flores-Barahona
Defendant

Dated:

**AND NOW**, this _____ day of _____, 2007, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by this Court.

_____
Honorable Joseph J. Farnan, Jr.
United States District Judge