IN THE UNITED STATES DISTRICT COURT
THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| FLORES BARAHONA, JUAN F.<br>PALINTIFF<br>VS.<br>UNITED STATES OF AMERICA<br>DEFENDANT | MOTION FOR SENTENCE RECONSIDERATION<br><br>CR 06-142-JJF |

SIR(S):

Now brings the Plaintiff, **Flores-Barahona, Juan Fransico**, affirmed within, requesting this Court grant the following:

---

**motion for a sentence reconsideration on this matter**

---

**The reason that this Plaintiff is due this relief is as follows;**

Under § 2L1.2 **Unlawfully entering or remaining in the US**

(b) Specific Offense Characteristic     **(SEE EXHIBIT A)**

(E) three or more convictions for misdemeanors that are crimes of violence, increase by **4 levels.**

This chapter applies to this individual, not the one used in his sentencing, which was :

(C) A conviction for an aggravated felony, increase by **8 levels;**

This Plaintiff here has no felony convictions, and as the letter from his attorney clearly shows, was expected to receive a sentence, based upon the proper table, of only **9-15 months**. This listed a **final Offense Level of 6, a Criminal History Category of V**. All of this evidence is included with this brief. **(SEE EXHIBIT B)**.

REMEDY SOUGHT

Plaintiff seeks his relief in the form of a corrected sentence for his proper level, not the one imposed upon him.

I, **Flores-Barahona, Juan Fransico**, do hereby certify, under penalty of perjury pursuant to Title 28 § 1746, the aforesaid to be true and correct.

Feb. 28, 2008                                         _[signature]_
DATED:                                                Flores-Barahona, Juan Fransico

November 1, 2006     GUIDELINES MANUAL     §2L1.2

5. *Application of Subsection (b)(6).*—Reckless conduct to which the adjustment from subsection (b)(6) applies includes a wide variety of conduct (*e.g.*, transporting persons in the trunk or engine compartment of a motor vehicle, carrying substantially more passengers than the rated capacity of a motor vehicle or vessel, or harboring persons in a crowded, dangerous, or inhumane condition). If subsection (b)(6) applies solely on the basis of conduct related to fleeing from a law enforcement officer, do not apply an adjustment from §3C1.2 (Reckless Endangerment During Flight). Additionally, do not apply the adjustment in subsection (b)(6) if the only reckless conduct that created a substantial risk of death or serious bodily injury is conduct for which the defendant received an enhancement under subsection (b)(5).

6. *Inapplicability of §3A1.3.*—If an enhancement under subsection (b)(8) applies, do not apply §3A1.3 (Restraint of Victim).

*Background:* This section includes the most serious immigration offenses covered under the Immigration Reform and Control Act of 1986.

Historical Note: Effective November 1, 1987. Amended effective January 15, 1988 (see Appendix C, amendments 35, 36, and 37); November 1, 1989 (see Appendix C, amendment 192); November 1, 1990 (see Appendix C, amendment 335); November 1, 1991 (see Appendix C, amendment 375); November 1, 1992 (see Appendix C, amendment 450); May 1, 1997 (see Appendix C, amendment 543); November 1, 1997 (see Appendix C, amendment 561); November 1, 2006 (see Appendix C, amendments 686 and 692).

### §2L1.2. Unlawfully Entering or Remaining in the United States

(a) Base Offense Level: **8**

(b) Specific Offense Characteristic

(1) Apply the Greatest:

If the defendant previously was deported, or unlawfully remained in the United States, after—

(A) a conviction for a felony that is (i) a drug trafficking offense for which the sentence imposed exceeded 13 months; (ii) a crime of violence; (iii) a firearms offense; (iv) a child pornography offense; (v) a national security or terrorism offense; (vi) a human trafficking offense; or (vii) an alien smuggling offense, increase by **16** levels;

(B) a conviction for a felony drug trafficking offense for which the sentence imposed was 13 months or less, increase by **12** levels;

(C) a conviction for an aggravated felony, increase by **8** levels;

(D) a conviction for any other felony, increase by **4** levels; or

(E) three or more convictions for misdemeanors that are crimes of violence or drug trafficking offenses, increase by **4** levels.

[Handwritten annotations: "I never was deported for an aggravated felony." Arrow pointing to (C). "I am Here but I do Not Have drug trafficking offenses."]

– 249 –

**EXHIBIT B**

Barahona's Offense Level cannot be enhanced under §2L1.2(b)(1)(E) either.

Based on all of the above-outlined arguments, it is the defense's position that Mr. Flores-Barahona's Offense Level should be 8, with 2 points taken off for Mr. Flores-Barahona's acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1(b). With a Criminal History Category of V and a final Offense Level of 6, Mr. Flores-Barahona's guideline range would be 9-15 months. Should you have any questions, please feel free to contact me.

Very truly yours,

Eleni Kousoulis
Assistant Federal Public Defender
Attorney for Defendant Flores-Barahona

cc:   Ilana Eisenstein. AUSA
      Juan Flores-Barahona, Defendant

4

Case 1:06-cr-00142-JJF    Document 27    Filed 03/03/2008    Page 4 of 6

Case 1:06-cr-00142-JJF    Document 27    Filed 03/03/2008    Page 5 of 6

